## No. 7595.

### J. L. NEVERS VS. SUCCESSION OF C. V. ANDRY.    ON RULE OF MRS. LEAUMONT.

An adjudication of property at a sale having been made for $7.50, and $1 thereof having been deposited as earnest money, on a rule to set aside the adjudication and return

Nevers *vs.* Succession of Andry.

the earnest money, a motion to dismiss for want of jurisdiction was made. *Held,* the contestation is as to the validity of the adjudication. The return of the money will be but a consequence of the invalidity, if it be found invalid. Motion refused.

Where the error in the mind of the bidder was as to the substance of the thing bought, and was induced or created by the seller or his agents, the adjudication will be annulled.

APPEAL from the Second District Court of New Orleans. TISSOT, J.

*Bermudez* for Mrs. Leaumont. *Benedict* and *Hornor* for Nevers Appellant. *W. E. Murphy* for Andry Heirs.

The sale was under executory process to foreclose a mortgage. The advertisement contained the description of the property as recited in the mortgage. De Armas, surveyor, made a plan of the property, not, it appears, for the purposes of the sale, and not referred to in the advertisement, but it was exhibited at the sale. This plan exhibited two lots, one vacant, the adjoining lot improved, each 31 feet, 11 inches, 3 lines front, but the building extended over the division line, so that the improved lot should have been 34 feet to prevent cantling the house. Mrs. Leaumont thought she was bidding upon the improved lot, whilst the description was of the vacant lot; and that lot would take in the end of the house if it had the front stated in the advertisement.

WHITE, J. The error of the purchaser was common to the seller, who thought he was selling the property which the bidder thought she was buying. The error in the mind of the bidder was as to the substance of the purchase, and was of so grave a nature as to prevent the formation of a legal obligation. Rev. Civ. Code, Arts. 1841–3. The question is not whether a sale is to be controlled by the advertisement or plan, but whether there was a sale at all, not as to the nature and extent of the thing sold, but whether anything was sold, whether there was not such error as to the object of the contract as prevented the will necessary to give rise to a legal obligation. We think there was.

*Judgment affirmed.*